UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JED MICHAEL PAVLIN,

        Plaintiff,

        v.

GLEN HARBOR DEVELOPMENT CO., LLC, et al.,

        Defendants.
----------------------------------------------------------------X

**MEMORANDUM
AND ORDER**
24-CV-2747-SJB-SIL

**BULSARA, United States District Judge:**

Plaintiff Jed Michael Pavlin ("Pavlin") commenced this action against his former employers Glen Harbor Development Co., LLC, Glen Harbor Holdings, LLC, Glen Harbor Investor Group, LLC, FOB Glen Habor, LLC, Martin J. Racanelli, Jr., Benjamin Heitner, and RAC-Glen Harbor, LLC (collectively, "Defendants"), seeking redress for uncompensated wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). He now seeks leave to amend his complaint to add retaliation claims. (*See* Pl.'s Mem. in Supp. of Mot. to Amend dated Oct. 14, 2025 ("Pl.'s Mot."), Dkt. No. 27-3 at 1). For the following reasons, the motion to amend is granted.

BACKGROUND

Pavlin commenced this action on April 12, 2024. (Compl., Dkt. No. 1). He filed an amended complaint on May 3, 2024. (Am. Compl., Dkt. No. 7). On January 29, 2025, at the parties' request, the Court referred the case to mediation, (Order dated Jan. 29, 2025), which was ultimately unsuccessful, (Report of Mediation dated Apr. 3, 2025). The parties twice then sought and were granted extensions of the discovery schedule

based on Pavlin's lawyer's several monthslong medical leaves.  (Order dated Apr. 29, 2025; Order dated July 11, 2025).  Pavlin's counsel became severally ill shortly after the parties' mediation on April 2, 2025 and was hospitalized on numerous occasions; she was out on medical leave until the end of the summer.  (Pl.'s Mot. at 1; *see also* Pl.'s Mot. for Extension, Dkt. No. 21 (noting a return to remote work with medical monitoring in July of 2025)).  Pavlin first expressed his intent to move to amend on July 10, 2025, (*id.*), and briefing on his motion to amend was completed on October 29, 2025.  The proposed amended complaint seeks to add claims for retaliation under FLSA and the NYLL. (Proposed Am. Compl., attached to Pl.'s Mot. as Ex. A, Dkt. No. 27-1 ¶¶ 86–93).  It adds allegations that Pavlin complained to Defendants verbally and in writing on numerous occasions about his pay and commissions and that he was terminated after such complaints.  (*Id.* ¶¶ 61–63).

DISCUSSION

After the period to amend as of right has passed, motions to amend pleadings are governed by two standards.  The first, a "liberal" and "permissive" standard, *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021), directs courts to "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The second permits motions to amend only upon a showing of "good cause."  *Id.* R. 16(b)(4).  "The [Rule 15] period of 'liberal' amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted."  *Sacerdote*, 9 F.4th at 115.  If the court issues a Rule 16 order that explicitly "state[s] that no amendment will be permitted"

2

after a date certain, the moving party must demonstrate good cause for permitting the amendment. *Id.* at 115–16.

If, however, the district court's Rule 16 order does not set a date after which motions to amend are not permitted (for example, by simply setting a deadline for amended pleadings to be filed), there is no order "trigger[ing] the stricter Rule 16(b)(4) 'good cause' standard." *Id.* at 115. And, therefore, any motions are governed solely by the more liberal Rule 15 standard.

Defendants contend that the Rule 16 good-cause standard applies to Pavlin's proposed amendments because of the Court's entry of a scheduling order. (Defs.' Mem. in Opp'n to Pl.'s Mot. ("Defs.' Opp'n"), Dkt. No. 27-4 at 3). The Scheduling Order set a deadline of November 18, 2024 for "[m]otions to join new parties or amend the pleadings." (Scheduling Order dated Sep. 5, 2024, Dkt. No. 17). But while the deadline has passed, the Scheduling Order did not state that after November 18, 2024, further amendments would not be permitted. (*Id.*). Accordingly, the Court considers Pavlin's motion under the more liberal Rule 15 standard. *See, e.g.*, *Zou v. Han*, 797 F. Supp. 3d 199, 203 (E.D.N.Y. 2025) (applying Rule 15 where scheduling order setting deadline to amend pleadings "did not state that after December 15, further amendments would not be permitted"); *Hossain v. Unilever U.S., Inc.*, No. 21-CV-2833, 2023 WL 4405654, at *5 (E.D.N.Y. July 7, 2023) (applying Rule 15 where the scheduling order "set a deadline for filing amendments without specifying that further amendments were prohibited").

Rule 15 provides that leave to amend should be "freely give[n]." Fed. R. Civ. P. 15(a)(2).

3

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting prior version of Fed. R. Civ. P. 15(a)(2)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (per curiam).

Issues of bad faith, delay, and prejudice are easily disposed of here. Shortly after mediation on April 2, 2025, Pavlin's counsel "became extremely ill and was hospitalized on numerous occasions and went out on medical leave until the end of the summer." (Pl.'s Mot. at 1). Defendants contend that counsel's illness accounts for only a fraction of the time Pavlin is seeking to excuse. (Defs.' Mot. at 6). The argument has no merit.

The "delay" analysis under Rule 15 is somewhat different than the analysis under Rule 16. Under Rule 16, because a party is seeking amendment by setting aside a scheduling order, the delay is measured against a date certain: the final date for amendment. But Rule 15's delay analysis is more holistic, taking account of all the events in the case to date, including any deadlines, the progress towards conclusion, and the diligence in seeking amendment, even in the absence of a scheduling order. *See* 6 Charles Alan Wright & Arthur R. Miller et al., Federal Practice and Procedure § 1488 (3d ed. 2026) ("[C]ourts have not imposed any arbitrary timing restrictions on requests for leave to amend and permission has been granted under Rule 15(a) at various stages of the litigation. These include: following discovery; after a pretrial conference; at a hearing on a motion to dismiss or for summary judgment; when the case is on the trial calendar and has been set for a hearing by the district court; at the beginning, during,

and at the close of trial; after a judgment has been entered; and even on remand following an appeal.").

> [T]he decision whether to grant a motion to amend is addressed to the court's discretion and the court must appraise the potential effect of an amendment on the parties as well as the importance of the amendment to the proper determination of the merits of the dispute. This requires a flexible, multifaceted approach.

*Id.* For that reason, "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (quotation omitted). And importantly, any "delay" must be undue. Defendants' arguments about needing to account for all the time between November 5, 2024, when the parties exchanged written discovery, (Defs.' Opp'n at 6), and the date of the amendment fails to consider delay in this holistic fashion, and instead does so mechanically.[1]

To that end, Defendants ignore the overall stage of the litigation at which amendment was sought. Even if November 2024 was the expected period in which amendment would end, the litigation barely moved forward in the intervening months.

---

[1] Even under a Rule 16 standard good cause exists to permit a late amendment. "The primary consideration in determining good cause is whether the moving party can demonstrate diligence." *J.M. v. Sessions*, 162 F.4th 364, 377 (2d Cir. 2025) (quotation omitted). Here, the time between the Scheduling Order's deadline and Pavlin's efforts to move to amend, November 18, 2024 through September 10, 2025 (when Pavlin first moved to amend), was largely consumed by the parties' mediation efforts and counsel's illness. (*See* Pl.'s Mot. at 1 (detailing severe illness of Pavlin's counsel from early spring through summer); *see also* Pl.'s Mot. to Amend dated Sep. 10, 2025, Dkt. No. 22 (denied without prejudice to renewal for its failure to comply with the Local Rules and the undersigned's Individual Practices)).

As of January 28, 2025, the parties were also engaged in mediation efforts, (*see* Mot. for Extension, Dk. No. 19 at 1 (stating that the parties had agreed to attend mediation and requesting a referral)), and during that time the parties jointly sought two extensions of the discovery deadlines, including on the eve of the motion to amend.  Discovery remains at an early stage—the parties have only engaged in written discovery and have yet to schedule depositions.  (*See* Pl.'s Mot. at 1–2; Defs.' Opp'n at 1).  Given the posture of the case—limited discovery, a soft-deadline for amendment, mutually agreed extensions of time, and lack of significant forward progress in light of agreed upon settlement efforts—it would be difficult to conclude that there is "undue delay."

Even with delay, there would need to be some showing of prejudice. *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) ("But delay (and its necessary consequence, litigation expense) does not, without more, constitute undue prejudice.").

Here, there is none.  *See Titus-Phillips v. British Airways PLC*, No. 20-CV-5100, 2022 WL 1177306, at *3 (E.D.N.Y. Apr. 20, 2022) (finding no evidence of prejudice where "discovery is still ongoing and no trial has been scheduled").  Defendants contend that amendment would require additional written and non-party discovery, increasing the cost and length of litigation.  (Defs.' Opp'n at 7).  But conclusory allegations of delay and litigation expenses are insufficient—since granting of amendment will almost always, by definition, lead to additional discovery and potentially expense.  The costs of adding new claims alone cannot constitute prejudice or else every Rule 15 motion would be denied.  *See Moore v. City of New York*, No. 22-CV-0694, 2023 WL 3628242, at *3 (E.D.N.Y. May 24, 2023) (finding no prejudice where there would "inevitably be

additional discovery burdens on [Defendants]" as "that is true in every situation where amendment is permitted"); *Partner Reinsurance Co. Ltd. v. RPM Mortg., Inc.*, No. 18-CV-5831, 2020 WL 6690659, at \*13 (S.D.N.Y. Nov. 13, 2020) ("[T]he burdens of increased discovery, standing alone, do not suffice to show undue prejudice."). Without such evidence of prejudice, and in light of the admonition that leave must be "freely given," the motion to amend is granted.[2]

CONCLUSION

For these reasons, Pavlin's motion to amend is granted. Pavlin is directed to file the Amended Complaint as a separate docket entry by **June 17, 2026.**

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date:  June 10, 2026
        Central Islip, New York

---

[2] Defendants do not make a futility argument.